IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                          )<br>                    Plaintiff,           )<br>                                                          )<br>           v.                                        )     Case No. 3:20-cr-0033<br>                                                          )<br>JULIO OMAR SOTO ROBLES and )<br>GREGORY VEGA,                        )<br>                                                          )<br>                    Defendants.       )<br>                                                          ) | |

## ORDER

**BEFORE THE COURT** is the trial in this matter currently scheduled for November 16, 2020. For reasons stated herein, the time to try this case is extended up to and including March 15, 2021.

On March 17, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge noted that the pandemic had been declared a national emergency and a public health emergency by the President of the United States. The Chief Judge also noted that the Governor of the Virgin Islands had declared a state of emergency. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Mar. 17, 2020, Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak* at 1-2 *(Mar. 17, 2020)*, https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf.

Among other precautionary measures, the Chief Judge continued all criminal trials scheduled from March 18, 2020, through April 16, 2020. The Chief Judge found that the ends

of justice required excluding March 18, 2020, through April 16, 2020, from the Speedy Trial count in all criminal matters.

> Such exclusion is necessary as to any cases scheduled for trial during the March 18, 2020[,] through April 16, 2020[,] period in order to assure that there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases that are set for trial outside of the March 18, 2020[,] through April 16, 2020[,] time period, as well as cases that are not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients; the difficulties that the parties are likely to face in undertaking all of the tasks necessary to fully prepare for trial; and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein.

*Id.* at 2-3. The Chief Judge has since extended the general order seven times, excluding March 18, 2020, through November 30, 2020, from the Speedy Trial count in all criminal matters.

Since the Chief Judge entered the general order, the crisis in the U.S. Virgin Islands and the United States in general has intensified. On March 17, 2020, there were approximately 7,000 confirmed cases in the United States, two of which were in the U.S. Virgin Islands. Since then, the incidence of COVID-19 cases has increased dramatically across the nation. As of the date of this Order, there have been over 10,200,000 confirmed cases in the United States, 1,410 of which have been in the U.S. Virgin Islands. Further, the virus has claimed over 239,000 lives in the United States and 23 lives in the U.S. Virgin Islands.

Recognizing the gravity of the situation, Congress passed an unprecedented financial assistance package, the CARES Act, on March 27, 2020. The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use teleconferencing to hold felony plea hearings and felony sentencing hearings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) (2020).

Moreover, recognizing the severity of the public health crisis presented by COVID-19, Virgin Islands Governor Albert Bryan declared a state of emergency for the Virgin Islands in March 2020. In a series of executive orders in March and April of 2020, Governor Bryan instituted a number of precautionary and preventative measures that significantly curtailed

economic and local governmental operations. Over the next several months, the rate of new positive COVID-19 cases in the Virgin Islands decreased significantly. As a result, Governor Bryan loosened the previously ordered restrictions. However, beginning in July, the Virgin Islands began to see a dramatic uptick in new positive COVID-19 cases. On August 13, 2020, Governor Bryan issued an executive order effecting a return to all the previously imposed restrictions on economic and local governmental operations along with additional restrictions (the "Stay-at-Home Phase"). Among other measures, Governor Bryan ordered all nonessential businesses to close, all nonessential public workers to stay home, all establishments—except for grocery and 'big-box' stores—to limit occupancy to no more than ten people, and all schools and churches to close. In imposing such restrictions, Governor Bryan emphasized that these measures are necessary to curtail the rapidly increasing spread of COVID-19 in the Virgin Islands. Thereafter, on September 8, September 15, September 30, and November 2, 2020, Governor Bryan issued additional executive orders which provided for certain new restrictions while relaxing other restrictions, moving the Territory from the "Stay-at-Home Phase" to the Territory's "Safer-at-Home Phase."

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that further extending this period would be in the best interest of justice. Notwithstanding the fact that the rate of new positive COVID-19 cases in the Virgin Islands has significantly decreased following the Governor's August 13, 2020 order, COVID-19 continues to present an unpredictable threat to public health and safety. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—remains the most effective check against the COVID-19's transmission. Given the continuing dire circumstances faced by the U.S. Virgin Islands and the United States as a whole, the Court finds that a greater extension of time is necessary for the protection and well-being of the defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

*United States v. Soto Robles et al.*
Case No. 3:20-cr-0033
Order
Page 4 of 4

The premises considered, it is hereby

**ORDERED** that an evidentiary hearing on the motion to suppress, ECF No. 24, is hereby **SCHEDULED** to commence promptly at 9:00 A.M. on January 22, 2021; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through March 15, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161;[1] and it is further

**ORDERED** that the trial in this matter previously scheduled for November 16, 2020, is **RESCHEDULED** to commence promptly at 9:00 A.M. on March 15, 2021, in St. Thomas Courtroom 1.

**Dated:** November 10, 2020          /s/ *Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **District Judge**

---

[1] The Court also notes that Defendant Gregory Vega filed a motion to suppress on October 19, 2020. (ECF No. 24.) The Government filed an opposition on November 2, 2020. (ECF No. 28.) Pursuant to 18 U.S.C. § 3161(h)(1)(D), any delay resulting from the filing of a pretrial motion through to the prompt disposition of such motion is excluded from the speedy trial calculation.